## Commonwealth ex rel. Fuehrer v. Grim et al., Appellants.

*Quo warranto—Judgment—Examination of issues not raised by pleadings—Invalid judgment.*

1. A judgment not responsive to the pleading will on appeal be reversed.

2. A suggestion for a writ of quo warranto was filed requiring respondents to show by what warrant they held certain offices in a subordinate incorporated ·council of a beneficial association. It appeared that the relators were officers in an unincorporated subordinate council of the same name, which had received a charter from the parent body; that the members of the incorporated body had separated from the parent party and obtained a charter from the Court of Common Pleas, and no longer owed any allegiance to the parent party, although they retained certain property of a former council whose charter had been revoked. The lower court entered judgment against the respondents as officers of the unincorporated council. *Held,* that the judgment was not responsive to the issues raised by the pleading, which was whether relators were entitled to office in the incorporated body, and the judgment was reversed.

Argued April 17, 1916. Appeal, No. 257, Jan. T., 1915, by defendants, from judgment of C. P. Lehigh Co., April T., 1914, No. 10, in quo warranto proceedings, in case of Commonwealth of Pennsylvania ex rel. A. J. Fuehrer, V. F. Sterner, John H. Rhoads, Charles D.

COM. ex rel. FUEHRER *v.* GRIM et al., Appellants.  41

1916.]  Statement of Facts—Opinion of the Court.

Rhoads, John S. Reinhard, John F. T. Hunter, Calvin
A. Diehl and Wilson R. Krader v. Victor E. Grim, H. R.
Ruch, H. T. Heintzelman, Wesley M. Mack and Henry
R. Stuber.  Before BROWN, C. J., MESTREZAT, POTTER,
STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.  Reversed.

Quo warranto to determine defendants' right to hold
office in Jordan Council No. 756, Junior Order of United
American Mechanics of Pennsylvania, incorporated.
Before GROMAN, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment of ouster against the respondents as officers of Jordan Council No. 746, Junior
Order of United American Mechanics of Pennsylvania,
an unincorporated body.  Victor E. Grim, H. R. Ruch,
H. T. Heintzelman, Wesley M. Mack and Henry H.
Stuber, appealed.

*Error assigned,* among others, was the judgment of
the court.

*Frank Jacobs,* with him *M. P. Schantz* and *A. W.
Hagenbach,* for appellants.

*L. H. Rupp,* of *Butz & Rupp,* with him *B. Frank Myers*
and *Francis G. Lewis,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, July 1, 1916:

This is a suggestion for a writ of quo warranto, filed by
the relators, requiring the respondents to show by what
warrant they hold certain offices in Jordan Council No.
746 Junior Order of United American Mechanics of
Pennsylvania, incorporated, located in the City of Allentown, Pennsylvania.

Jordan Council No. 746 Junior Order of United
American Mechanics was a subordinate council of the
state council of the order and was organized at Allen-

town, Pennsylvania, in 1891 under a charter or warrant granted by the State Council of Pennsylvania. On September 6, 1909, a charter was granted to a corporation having the same name by the Court of Common Pleas of Lehigh County under the General Corporation Act of 1874 and its supplements, the purpose as expressed in the charter being "for the maintenance of a society for beneficial and protective purposes to its members, from funds collected therein." Dissension arose in the membership of the Junior Order of United American Mechanics, and at the meeting of the State Council in Erie, Pennsylvania, on September 20, 1910, there was a division in the state organization, one faction meeting at the Ensign Building and the other at the Reed House. The faction which met at the Ensign Building was subsequently declared by this court to constitute the legal organization: Commonwealth, ex rel., v. Heilman, 241 Pa. 374. Jordan Council affiliated with the faction which met at the Reed House and its charter was suspended by the state council on March 21, 1911, and, after a trial before the judiciary of the state council, the charter was revoked on June 2, 1911. After its warrant had been revoked, June 2, 1911, Jordan Council, incorporated, continued as an independent organization collecting dues from its members and otherwise carrying out the purpose set forth in the charter obtained from the Court of Common Pleas. It also retained possession of all the property, no action having been taken by the state body of the Junior Order of United American Mechanics to compel the surrender thereof in accordance with Article VII, Section 6, of the laws of the order. On December 4, 1913, by a vote of a majority of those in attendance, a resolution was adopted changing the name of the corporation to Jordan Council No. 746 Fraternal Patriotic Americans, and the officers were authorized to present a petition to the Court of Common Pleas of Lehigh County to change the name of the corporation accordingly. The respondents were elected officers of Jordan Council at various times subse-

COM. ex rel. FUEHRER *v.* GRIM et al., Appellants.  43

1916.]                    Opinion of the Court.

quent to the revocation of the charter by the State Coun-
cil of the Junior Order of United American Mechanics
on June 2, 1911. In October, 1913, a minority of the
members of the original Jordan Council No. 746 Junior
Order of United American Mechanics, whose charter had
been revoked, petitioned the state council of the order
to have the charter and the property of the council re-
stored, and on December 15, 1913, the charter was re-
stored to the relators as Jordan Council No. 746 Junior
Order of United American Mechanics. The council was
reorganized, elected relators to office, and proceeded to
transact business as Jordan Council No. 746 Junior
Order of United American Mechanics. The relators are
recognized by the state and national councils of the order
as the lawful officers of Jordan Council.

On January 12, 1914, a suggestion for a writ of quo
warranto was filed by the relators setting forth in detail
the above and other facts, and praying that a citation be
issued requiring the respondents to show by what war-
rant they claim to hold the offices of Jordan Council No.
746 Junior Order of United American Mechanics of
Pennsylvania, a corporation, that they be enjoined from
exercising or claiming to exercise the respective offices of
said Jordan Council and from acting therein, that re-
lators be declared to be the lawful officers of said Jordan
Council corporation, and that respondents be enjoined
from retaining possession of the property of said Jordan
Council corporation and be ordered to deliver and turn
the property over to the persons declared to be the of-
ficers of said corporation. The writ was issued as
prayed for and served upon the respondents. The an-
swer avers, inter alia, that it is immaterial what bodies
constitute the Junior Order of United American Me-
chanics because the respondents and the organization to
which they belong are not subject or subordinate to any
of said bodies, that Jordan Council No. 746 Junior Order
of United American Mechanics, organized December 15,
1913, is not the organization to which the respondents

44    COM. ex rel. FUEHRER *v.* GRIM et al., Appellants.

Opinion of the Court.    [255 Pa.

belong and that the offices in that organization are not the offices filled or claimed by the respondents, that the corporation chartered by the Court of Common Pleas on September 6, 1909, to which the respondents adhere, is distinct and separate from Jordan Council No. 746 Junior Order of United American Mechanics, instituted, as relators aver, on or about December 23, 1913, and the offices filled by the respondents respectively are those of the corporation of September 6, 1909, to which the relators make no claim.

The learned court below, on June 7, 1915, adjudged that the relators "are the lawful officers of Jordan Council No. 746 Junior Order of United American Mechanics, and as such officers are entitled to have, hold and receive all the books, papers, paraphernalia and personal property of the said Jordan Council appertaining to their respective offices," that the respondents "are not lawful officers of said Jordan Council and not entitled to have, hold and receive the books, papers, paraphernalia and personal property of said Jordan Council," and directed that judgment be entered in favor of the Commonwealth, and that said respondents be ousted and altogether excluded from said offices and deliver to the relators the property of the corporation. The respondents have taken this appeal.

We have stated sufficient facts and recited the pleadings to show that the case cannot be determined here upon its merits. It will be observed that the relators were members of Jordan Council No. 746 Junior Order of United American Mechanics whose charter, issued by the state council, was revoked in 1911 and restored on December 15, 1913, and that the respondents were also members of the original Jordan Council but not of that council after its charter had been restored by authority of the state council. While the relators and respondents were members of the original council, a charter was granted by the Court of Common Pleas of Lehigh County to Jordan Council No. 746 Junior Order of United American Mechanics of Pennsylvania under the general

COM. ex rel. FUEHRER *v.* GRIM et al., Appellants.   45

1916.]                    Opinion of the Court.

corporation laws of the State, the purpose, as therein expressed, being "for the maintenance of a society for beneficial and protective purposes to its members from funds collected therein." The respondents in their answer disclaim any right to the offices held by the relators in Jordan Council No. 746 Junior Order of United American Mechanics to which a warrant or charter was restored by the State Council, and aver that they are the legal officers of the incorporated body by that name to which the relators make no claim whatever. The controlling question, therefore, under the pleadings, is whether the relators are entitled to the offices in the incorporated body which are now claimed and held by the respondents. This is the issue raised by the pleadings, and should have been determined by the learned court below. That issue was not determined. The judgment was entered against the respondents as officers of the unincorporated Jordan Council holding its warrant or charter under the State Council of the Junior Order of United American Mechanics. It is, therefore, not responsive to the pleadings and cannot be sustained.

The judgment is reversed with a procedendo.